UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:08CV149

EVELYN PERSCHKA                                              PLAINTIFF

VS.

MICHAEL J. ASTRUE,
        Commissioner of Social Security                     DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is the complaint of Evelyn Perschka ("Plaintiff" or "Claimant") seeking

judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g).

After examining the administrative record ("Tr."), the arguments of the parties, and the applicable

authorities, the Court is of the opinion that the decision of the defendant Commissioner should be

<u>PROCEDURAL HISTORY</u>

On August 31, 1999,  Claimant filed application for disability insurance, alleging that she

became disabled as of February 20, 2004.[1]  After a hearing, Administrative Law Judge Michael D.

Tucevich determined that claimant's seizure disorder and migraine headaches were severe

impairments that prevented her from performing any of her past relevant work.  The ALJ further

found that she retained the residual functional capacity to perform jobs that exist in significant

numbers in the national economy.  The Appeals Council denied review on October 12, 2004.

On appeal to this Court, the matter was remanded for further proceedings to determine

transferability of skills to other occupations.  Ms. Perschka's attorney was ill on the day of the

---

[1] After denial of her first application, Ms. Perschka filed a second application which has
been combined with the first for processing purposes.

1

hearing, and she did not appear.  Administrative Law Judge Katherine M. Thomas ("ALJ") decided to address the open issue by sending interrogatories to a vocational expert, then inviting counsel to comment or respond.  Four counsel requests for additional time were granted (for a total of almost three months), but upon the fifth request, the matter proceeded to decision. Tr. 343.[2]

The ALJ found that Ms. Perschka was not able to perform any of her past relevant work, and that she was limited to sedentary work due to her seizure disorder.  The ALJ further found that Ms. Perschka had skills that were transferable to jobs such as dispatcher and timekeeper, which exist in significant numbers.   This became the final decision of the Commissioner when the Appeals Council denied review on August 8, 2008.

<u>STANDARD OF REVIEW</u>

The disability determination process consists of five steps.  <u>Wyatt v. Secretary</u>, 974 F.2d 680 (6th Cir. 1992).  These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1.  The claimant must not be engaged in substantial gainful activity.

2.  The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking.  20 CFR Section 416.921.

3.  If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled.  <u>Lankford v. Sullivan</u>, 942 F.2d 301 (6th Cir. 1991).

---

[2] Ms. Perschka is now represented by a different attorney.

4.  The claimant must be unable to do his or her past relevant work.

5.  If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs.  <u>Born v. Secretary</u>, 923 F.2d 1168 (6th Cir. 1990).

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ.  <u>Elam v. Commissioner</u>, 348 F.3d 124 (6th Cir. 2003).  "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion.  <u>NLRB v. Columbian Enameling and Stamping Co.</u>, 306 U.S. 292 (1939); <u>Foster v. Bowen</u>, 853 F.2d 483 (6th Cir. 1988).  If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

<u>ARGUMENTS ON THIS APPEAL</u>

Plaintiff argues that the ALJ erred at Step 3.[3]  At Step three of the sequential evaluation process, the inquiry is whether the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings").  If the plaintiff carries the burden of establishing that s/he meets a Listing, the evaluation terminates and the claimant is conclusively presumed to be disabled.  <u>Lankford v. Sullivan</u>, 942 F.2d 301 (6th Cir. 1991), <u>Burress v. Secretary</u>, 835 F.2d 139 (6th Cir. 1987).  Listings

---

[3]  Although plaintiff argues at length regarding the effects of proceeding to decision without then-counsel's response to the vocational expert's written information, it must be noted that "transferability of skills" is completely irrelevant at Step 3, the "Part 404" stage challenged here.

are to be interpreted very strictly, and the plaintiff must establish the existence of all elements of the Listing. <u>Foster v. Halter</u>, 279 F.3d 348 (6th Cir. 2001), <u>Hale v. Secretary</u>, 816 F.2d 1078 (6th Cir. 1987), <u>Dorton v. Heckler</u>, 789 F.2d 363, 367 (6th Cir. 1986).

To meet a listing, a claimant must present specific *medical evidence* to satisfy all of the Listing criteria. 20 C.F.R. Sec. 416.925. That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990). The plaintiff cannot show that s/he "equals" a Listing simply by showing overall functional impact of his condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 531 (1990).

Unfortunately, plaintiff does not identify which Listing(s) she believes have been satisfied, and the matter is hardly self-evident. Given the possibility that she might have been referring to the Listing applicable to epilepsy, the Commissioner has examined the evidence relevant to Listing 11.02 and 11.03. Not only does the record include some evidence casting doubt on whether her seizure disorder and migraines are, in fact, the result of epilepsy, but there is an absence of medical evidence to establish each requirement of these Listings. As noted above, the burden at Step 3 is on plaintiff to point to evidence satisfying every requirement of a Listing, and plaintiff is unable to carry that burden.

Next plaintiff contends that substantial evidence fails to support the ALJ's determination

4

regarding residual functional capacity. Residual functional capacity (RFC) is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002); 20 C.F.R. §404.1545(a)(1). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden or proof in establishing his or her RFC, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999).

The RFC describes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." Howard, 276 F.3d at 240. "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." Yang v. Comm'r of Soc. Sec., No. 00-10446-BC, 2004 WL 1765480, at *5 (E.D.Mich. July 14, 2004). Howard does not stand for the proposition that all impairments deemed "severe" in step two must be included in the hypothetical. The regulations recognize that individuals who have the same severe impairment may have different RFCs depending on their other impairments, pain, and other symptoms. 20 C.F.R. § 404.1545(e).

The specific finding claimant challenges on this appeal is that Ms. Perschka can sit for six hours or walk for two hours on a regular vocational basis. Plaintiff argues that the frequency of her seizures is such that she could expect her work to be interrupted by seizure several times during a work week. She supports this claim with reports from family members. In contrast, Dr. Zolan, a specialist, opined that plaintiff could do sedentary work, although the frequency of seizures would require certain restrictions (restrictions incorporated in the ALJ's discussions with the vocational expert. The ALJ was also entitled to consider plaintiff's report of her own activities, which included

5

such activities as stair running and roller-blading.  Tr. 304.  The Court concludes that substantial evidence supports the ALJ's determination of RFC.

Plaintiff next contends that substantial evidence fails to support the determination that Ms. Perschka had skills transferable to other jobs, and she argues that no one would hire her because she is "a risk."  As to the latter argument, it must be borne in mind that this is not an unemployment program: Whether there are vacancies in the identified positions, whether another applicant would have preference, or whether the claimant would be hired are matters that are all irrelevant to the fundamental question, which is whether the claimant has the residual functional capacity for performing substantial gainful employment.

With regard to the issue of transferability of skills, the record clearly includes substantial evidence in support of the ALJ's determination.  The vocational expert identified skills acquired in her previous employment, noted which of those skills were portable, and identified positions that could utilize those skills while respecting the limitations imposed by her impairments.  Whether there exists evidence to support the opposite conclusion is not a relevant inquiry.

As there is no legal error and substantial evidence supports the Commissioner's determinations, the decision must be affirmed.